UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

ROY GARLAND,
               Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,
               Defendant.

------------------------------------------------------------------ X

04-CV-1537 (ARR)

<u>NOT FOR ELECTRONIC
OR PRINT
PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

By motion dated, served, and filed on July 28, 2005, plaintiff Roy Garland seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $7,840.88 for the time his attorneys spent working on this case at the federal court level. The Commissioner of Social Security challenges plaintiff's application on the grounds that it was not timely filed.[1] I now deny plaintiff's application for attorney's fees because it was not filed within the period required by statute. <u>See</u> 28 U.S.C. § 2412(d)(1)(B).

## BACKGROUND

As is explained more fully in the Opinion and Order of this court April 25, 2005, plaintiff Roy Garland applied for Social Security Disability benefits on December 6, 1999, alleging

---

[1] The Commissioner argues in the alternative that, if the court finds that plaintiff's application was timely, any award under EAJA should be reduced from the amount sought, because the fees requested by plaintiff are excessive. Because I find that plaintiff's application was untimely and therefore deny the application for fees entirely, it is not necessary to evaluate the reasonableness of plaintiff's request.

1

disability since September 19, 1999 due to sleep apnea, high blood pressure, and asthma. Plaintiff's application was initially denied. Plaintiff then requested and was granted a hearing, which took place before Administrative Law Judge (ALJ) Michael S. London on April 29, 2002. See 20 C.F.R. § 404.906(b)(4) (elimination of reconsideration step in test cases). By decision dated July 5, 2002, ALJ London found that, given the improvement in plaintiff's condition noted in the medical records, plaintiff was not disabled and was able to perform his past relevant work as a computer programmer. Plaintiff requested review of the ALJ's decision by the Appeals Council on July 26, 2002. In conjunction with this request, plaintiff submitted supplementary evidence – two additional impairment questionnaires completed by his treating physician, Dr. Bernstein – to the Appeals Council. The Appeals Counsel denied plaintiff's request for review on February 17, 2004, finding that the supplemental evidence "[did] not provide a basis for changing the Administrative Law Judge's decision." Since plaintiff's request for review was denied, ALJ London's July 5, 2002 decision was the final decision of the Commissioner.

Plaintiff sought review by this court on April 14, 2004. After reviewing the administrative record and the pleadings, I concluded that the Appeals Council erred in finding that the supplemental evidence was insufficient to trigger review of the decision. The ALJ concluded that plaintiff was able to perform his past relevant work based upon apparent improvement in plaintiff's condition reflected in the most recent medical records considered by the ALJ (from December 27, 2000 and March 27, 2001). The additional medical reports submitted to the Appeals Council were more recent clinical assessments (dated November 12, 2002 and May 8, 2003), which suggested that any improvement in plaintiff's condition was, at best, temporary. The submission of Dr. Bernstein's reports from November 2002 and May 2003

introduced ambiguity to the record, and therefore created an affirmative obligation on the part of the Appeals Council to develop the record further by remanding to the ALJ to obtain additional evidence or obtaining such evidence itself. See Boyd v. Apfel, No. 97 Civ. 7273, 1999 WL 1129055, *5 (E.D.N.Y. Oct. 15, 1999) (citing Richardson v. Apfel, 44 F.Supp. 556, 563 (S.D.N.Y. 1999); Joe v. Apfel, No. 97 Civ. 772, 1998 WL 683771, *5 (W.D.N.Y. 1998). Because I found that the Appeals Council erred in concluding that this additional evidence did not warrant review of the ALJ's decision, I denied defendant Commissioner's motion for judgment on the pleadings, granted plaintiff's cross-motion for judgment on the pleadings,[2] reversed the Commissioner's decision, and remanded the case to the Commissioner for further administrative proceedings. My opinion and order was dated April 25, 2005 and filed on April 26, 2005. Judgment was ordered by the Clerk of the Court on April 26, 2005 and filed on April 28, 2005.

## DISCUSSION

Plaintiff seeks an award of costs and attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides that a private party who prevails in an action brought by or against the United States may be awarded a judgment for costs, fees, and other expenses. 28 U.S.C. § 2412(d)(1)(A). However, the EAJA states that "[a] party seeking an award of fees and

---

[2] Plaintiff requested that this court reverse the Commissioner's decision and remand this matter solely for the calculation of benefits. Pl.'s Mem. of Law in Supp. of Pl.'s Cross-mot. for J. on Pleadings. Because I found that the physician's reports submitted to the Appeals Council introduced ambiguity into the record, I concluded that remand solely for calculation of benefits was inappropriate. Instead, I remanded the matter to the Commissioner for consideration of those physician's reports and further development of the record, if necessary.

other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses..." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). The requirement that an application for fees be filed within thirty days of final judgment is a jurisdictional requirement; therefore, a claimant's failure to file within thirty days precludes the district court from considering the merits of the application. See Misciagno v. Sec'y of HHS, 786 F. Supp. 1120, 1125 (E.D.N.Y. 1992) (citing Long Island Radio Co. v. NLRB, 841 F.2d 474, 477 (2d Cir. 1988)).

An order "affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing" under the fourth sentence of 42 U.S.C. § 405(g) constitutes a final judgment for the purposes of the EAJA filing period. See Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993). In the case of a sentence four remand, the EAJA filing period begins "after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable..." Id. at 298 (quoting Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991)); see also 28 U.S.C. § 2412(d)(2)(G). The government has sixty days from the date of entry of judgment to appeal the court's decision. Fed. R. App. P. 4(a)(1)(B). Once this appeal period has elapsed, the judgment of the District Court is final; the prevailing party then has thirty days to file an application for fees under EAJA. See 28 U.S.C. § 2412(d)(1)(B); Shalala, 509 U.S. at 302.

In the instant case, having found that the Appeals Council erred in refusing to review the ALJ's denial of benefits to Mr. Garland, I reversed the Commissioner's decision and remanded the case to the Commissioner for further administrative proceedings under the fourth sentence of

4

42 U.S.C. § 405(g) on April 26, 2005.[3] The final judgment of the District Court was entered on April 28, 2005. The government then had sixty days – until Monday, June 27, 2005 – to appeal the District Court's decision. See Fed. R. App. P. 4(a)(1)(B). Plaintiff then had thirty days – until Wednesday, July 27, 2005 – to file his EAJA application. However, plaintiff's EAJA application was dated, served, and filed on Thursday, July 28, 2005, and is therefore untimely.

As described above, the requirement that an application for fees be filed within thirty days of final judgment is a jurisdictional requirement. See, e.g. Long Island Radio Co., 841 F.2d at 477. The United States' consent to suit under EAJA is a waiver of sovereign immunity; it is therefore subject to equitable relaxation only for "affirmative misconduct." Id. at 478 (citing Schweiker v. Hansen, 450 U.S. 785, 788 (1981)). Plaintiff has not offered any reason for his untimely filing, and there is nothing in the record that would suggest any basis for equitable relaxation in this case.

---

[3]The parties agree that my April 26, 2005 opinion and order was a decision pursuant to sentence four of 42 U.S.C. § 405(g), rather than sentence six. See Affirmation in Supp. of Pl.'s Mot. for Att'y's Fees, ¶8 ("a remand pursuant to sentence four is a final judgment for jurisdictional and EAJA purposes"); Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Att'y's Fees, 2 ("A court affirming, modifying, or reversing an administrative judgment in accordance with the fourth sentence of 42 U.S.C. § 405(g) is a 'final judgment' triggering the EAJA filing period.").
To forestall any possible confusion, however, I note that although I did not explicitly state in my April 26, 2005 opinion that the remand was pursuant to sentence four, I clearly stated that I was reversing the Commissioner's decision and remanding due to legal error on the part of the Appeals Counsel, which is consistent with a sentence four remand. See Melkonyan, 501 U.S. at 98. Additionally, although I remanded to the Commissioner with instructions to review the ALJ's decision in light of the ambiguity created by the new evidence presented to the Appeals Council, I indicated no intent to retain jurisdiction over this case or to require the parties to return to the court following additional administrative proceedings, as would be required for a sentence six remand. See id.; Sullivan v. Finkelstein, 496 U.S. 617, 627 (1990).

## CONCLUSION

Plaintiff's request for attorneys' fees pursuant to the Equal Access to Justice Act is denied because this court lacks jurisdiction. Plaintiff's application was not filed within the thirty-day period required by statute, and no grounds for equitable relief were shown.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 19, 2006
Brooklyn, New York

**SERVICE LIST:**

### Plaintiff's Attorney
Charles E. Binder
Binder and Binder
215 Park Avenue South
6th Floor
New York, NY 10003

### Defendant's Attorney
Som Ramrup
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201